FILED
United States Court of Appeals
Tenth Circuit

February 25, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AFTON CALLAHAN,

    Plaintiff - Appellant,

v.

MILLARD COUNTY; THE
CENTRAL UTAH NARCOTICS
TASK FORCE; SEVIER COUNTY;
PIUTE COUNTY; MT. PLEASANT
CITY; WAYNE COUNTY;
RICHFIELD CITY; SALINA CITY;
GUNNISON CITY; EPHRAIM CITY;
CORDELL PEARSON, in his official
and individual capacity; MARTY
GLEAVE, in his official and
individual capacity; CLARK
THOMAS in his official and
individual capacity; DWIGHT
JENKINS, in his official and
individual capacity; JEFFREY
WHATCOTT, in his official and
individual capacity; and JOHN DOES
I-IX in their official and individual
capacities,

    Defendants - Appellees.

No. 06-4135

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:04-CV-952-PGC)**

---

James K. Slavens, Fillmore, Utah, for Plaintiff - Appellant.

Peter Stirba (Barbara L. Townsend and Meb W. Anderson with him on the brief), Stirba & Associates, Salt Lake City, Utah, for Defendants - Appellees.

---

Before **KELLY** and **EBEL,** Circuit Judges, and **MURGUIA,**[*] District Judge.

---

**KELLY**, Circuit Judge.

---

Afton Callahan was arrested by the Central Utah Narcotics Task Force (the "Task Force") for distribution and possession of methamphetamine following a warrantless entry into his residence. The warrantless entry occurred after a confidential informant consensually entered Mr. Callahan's residence, purchased methamphetamine using funds provided by the Task Force, and gave what appeared to the officers to be a pre-arranged signal indicating that the drug deal had come to fruition. After successfully challenging the legality of the warrantless entry in Utah courts, see State v. Callahan, 93 P.3d 103 (Utah Ct. App. 2004), Mr. Callahan brought a civil rights action under 42 U.S.C. § 1983 against individual members of the Task Force, the Task Force itself, and several counties in Utah (collectively "Defendants").

---

[*]The Honorable Carlos Murguia, District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

On summary judgment, the Defendants raised the "consent once removed" doctrine which allows a warrantless entry into a home by a law enforcement officer where either an undercover officer or informant observed contraband in plain view. The district court granted Defendants qualified immunity. The court reasoned that, even assuming that the "consent once removed" doctrine was not viable and a constitutional violation occurred, the law was not clearly established because the officers could rely upon the doctrine which had been accepted in three circuits. Callahan v. Millard Cty., No. 2:04-CV-00952, 2006 WL 1409130 at *8-9 (D. Utah 2006). On appeal, a split panel held that (1) the "consent once removed" doctrine did not justify the officers' warrantless entry into a residence, at least where the individual gaining initial, consensual entry is a confidential informant, and (2) the law was clearly established that law enforcement may not enter a residence without a warrant in order to assist a confidential informant—present in the home consensually and possessing probable cause—in effectuating an arrest. Callahan v. Millard Cty., 494 F.3d 891, 895-99 (10th Cir. 2007). The dissent would have extended the "consent once removed" doctrine to confidential informants (hence, no constitutional violation), but regardless, concluded that the law was not clearly established given the acceptance of the doctrine in various courts. Callahan, 494 F.3d at 902-04 (Kelly, J. dissenting).

The Supreme Court has now reversed our judgment, holding that courts no longer must decide qualified immunity based upon the sequence required by

-3-

<u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2001).  <u>Pearson v. Callahan</u>, 555 U.S. ___, 129 S. Ct. 808, 818 (2009).  The Supreme Court also held that the Defendants are entitled to qualified immunity because the law was not clearly established at the time of the incident in question.  <u>Pearson</u>, 129 S. Ct. at 822-23.  Clearly established law did not show that the Defendants' conduct violated the Fourth Amendment given general acceptance of the "consent once removed" doctrine in 2002.  <u>Id.</u>  In view of the Supreme Court's disposition, the judgment of the district court is

AFFIRMED.  Mr. Callahan's motion for attorney's fees pursuant to 42 U.S.C. § 1988 is DENIED.